

UNITED STATES BANKRUPTCY COURT
DISTRICT OF HAWAII
1132 Bishop Street, Suite 250
Honolulu, Hawaii 96813

ord_3015-3pln (12/09)

| *Debtor:* | DARRELL BENNO BAJO | *Case No.:* **10-02615** |
|---|---|---|
| *Joint Debtor: (if any)* | JACQUELINE KAUI MORIMOTO-BAJO | Chapter: 13 |
| | **ORDER CONFIRMING CHAPTER 13 PLAN** | Plan - Docket No.: **16** |

The court finding that the requirements of 11 U.S.C. § 1325 have been satisfied,

IT IS HEREBY ORDERED:

The Plan, attached as Exhibit A, is [CONFIRMED as filed] or [CONFIRMED, amended as follows].

IT IS FURTHER ORDERED that the court allows and awards compensation and reimbursement for expenses to the attorney for the debtor(s) as follows:

| Attorney: Gregory T. Dunn, Esq. | |
|---|---|
| Total award: $4,500.00 | Amount to be paid through plan: $1,874.00 |
| ✓ If checked, amount includes $300 in accordance with Part 1.a. of Appendix to Chapter 13 Attorney Fee Guidelines. | |



/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: November 12, 2010

| UNITED STATES BANKRUPTCY COURT – DISTRICT OF HAWAII | | | |
|---|---|---|---|
| *Debtor:* Darrell Benno Bajo | *Social Security No.:* XXX-XX-8803 | | |
| *Joint Debtor: (if any)* Jacqueline Kaui Morimoto-Bajo | *Social Security No.:* XXX-XX-4664 | | |
| *Address:* 95-1011 Ainamakua Drive, #57 Mililani, HI 96789 | | Chapter 13 *Case No.:* **10-02615** | |
| **CHAPTER 13 PLAN** | *Dated:* 9/21/2010 | ✓ Amended Plan | |

**NOTICE**

This plan may significantly affect the rights of creditors. If you wish to oppose confirmation of the plan or any related motion to value collateral or to avoid a lien ("plan motion"), you must file a timely written objection. Creditors will receive separate notice of the deadline for objections and the date of the confirmation hearing. If you do not file a timely objection, you will have accepted the treatment proposed in the plan. If no one files a timely objection, the court may cancel the confirmation hearing, confirm this plan, and grant any plan motions.

## SECTION 1 – PLAN SUMMARY

| | | | 1.06 Estimated payment of unsecured claims (%) | |
|---|---|---|---|---|
| 1.01 Monthly payment | $ | 1,421 | *Under plan* | *Chapter 7 liquidation* |
| 1.02 Duration (months) | | 60 | 23 % | 0 % |
| 1.03 Total monthly payments (1.01 x 1.02) | $ | 85,260 | | |
| 1.04 Additional funding described in section 8 (if any) | $ | 0 | 1.07 ☐ If checked, there are plan motions to value collateral or to avoid lien(s). | |
| 1.05 Total plan funding before tax refunds (1.03 + 1.04) | $ | 85,260 | | |

## SECTION 2 – PAYMENTS TO TRUSTEE

**2.01 Commencement of Payments.** Debtor shall make the first monthly payment stated in section 1 to Trustee not later than 30 days after the filing of (a) the petition or (b) the order converting the case from another chapter.

**2.02 Completion of Payments.** Unless section 8 provides otherwise, payments under the plan will be complete upon payment of the amount stated in section 1.05 plus contribution of any tax refunds as provided in section 2.03.

**2.03 Tax Refunds.** In addition to the plan payments set forth in sections 1.03 and 1.04, Debtor shall turn over to Trustee all tax refunds attributable to prepetition periods and all tax refunds attributable to postpetition periods ending before the full amount stated in section 1.05 has been paid, except to the extent that a refund is (a) exempt, (b) received on account of a child tax credit or earned income credit, (c) subject by law to setoff, recoupment, or similar disposition, or (d) otherwise provided for in section 8.

**2.04 Funds Other than Disposable Income.** Any additional funding listed in section 1.04 must be described in section 8, including the source, amount, and date when such funds or assets will be available.

**2.05 Payment of Debtor's Attorney Fees.** Trustee shall pay Debtor's attorney fees and costs out of the plan funding.

| | Total fees | Paid prepetition | To be paid via plan |
|---|---|---|---|
| Unless stated otherwise in section 8, Debtor's attorney elects the award and allowance of fees through plan confirmation, to be determined under the Chapter 13 Attorney Fee Guidelines. (Amount of fees may be adjusted at time of confirmation in accordance with the Guidelines.) | $ 4,200 | $ 2,626 | $ 1,574 + $300 if plan confirmed without continuing hearing |

U.S. Bankruptcy Court - Hawaii   #10-02615   Dkt # 21   Filed 11/12/10   Page 2 of 8

EXHIBIT "A"

**2.06 Pre-Confirmation Adequate Protection Payments and Payments to Lessors.**

☐ If checked, Trustee shall make adequate protection or lease payments under 11 U.S.C. § 1326(a)(1) (B) or (C) to the parties listed below. Trustee shall make the payments below as soon as practicable after the creditor or lessor files a proof of claim. After confirmation, Trustee shall make distributions as provided elsewhere in this plan. Unless section 8 provides otherwise, the adequate protection payment amount shall be two percent of the estimated value of the collateral.

| Creditor/ Lessor | Property description (& est. value if adequate protection) | Payment |
|---|---|---|
| SAINT FRANCIS MEDICAL CENTER FCU | 2005 TOYOTA TACOMA | $300 |
| SAINT FRANCIS MEDICAL CENTER FCU | 2003 TOYOTA TACOMA | $100 |

[Continue in section 8 or on continuation sheet as necessary.]

☐ If checked, Debtor shall make adequate protection / lease payments directly to the payee and provide evidence of payment to Trustee.

## SECTION 3 – CLAIMS

**3.01 Proofs of Claim.** All creditors, including secured creditors, must file a proof of claim in order to receive payments from Trustee, even if this plan mentions their claim. Unless the court orders otherwise, Trustee shall make distributions only on timely filed proofs of claim. Trustee may rely on the face of the proof of claim despite any other information contained in any attachments thereto.

**3.02 Determination of Claims.** The proof of claim (and any court order disposing of a plan motion or any objection to the claim), not this plan or the schedules, shall determine the amount, classification, and priority of each claim. The information about claims in this plan (other than the classification of claims in Class 6) is provided for informational purposes only and is not binding on any party.

**3.03 Secured Claims – Limited Stay Relief.** Notwithstanding 11 U.S.C. § 362, any secured creditor may transmit to the debtor payment coupon books and other statements, and may continue any electronic funds transfer ("EFT") payment arrangements that Debtor validly authorized prepetition. The secured creditor shall file with the court all post-petition notices and communications that inform the debtor of a change in the amount, timing, or application of the debtor's payments, including notices of interest rate and escrow account changes, and shall ensure that such filing complies with applicable privacy laws and regulations.

## SECTION 4 – CLASSIFICATION OF CLAIMS

**4.01 Class 1 consists of secured claims where (a) Debtor was in default on the petition date and (b) the claimant's rights are not modified by the plan, except for the curing of the default.** A holder of a Class 1 claim will retain its lien until the underlying debt is paid in full under nonbankruptcy law. This plan does not modify the holder's rights other than by curing the default by paying the prepetition arrearage, i.e. the regular installments of principal, accrued and unpaid interest and other charges, such as attorney fees and collection costs, that became due before the petition date.

**4.01-1 Cure Payments by Trustee.** Unless the claim holder agrees to different treatment, Trustee shall make distributions to cure the prepetition arrearage on each Class 1 claim by making monthly payments that include the interest on the prepetition arrearage at the standard interest rate described in section 7.03, unless a different rate is stated in the table below. Each Class 1 claimant shall apply such payments only to the prepetition arrearage. The amount of any prepetition arrearage is the amount stated in the claimant's proof of claim, unless the court orders otherwise. Trustee shall make no payment on a Class 1 claim to a claimant whose proof of claim states that the arrearage is $0.00, none, or the like, or if the arrearage amount is left blank. Treatment of a prepetition arrearage under an unexpired lease or executory contract is provided for in section 4.08. Trustee's payment of the full amount of the arrearage stated on the claimant's proof of claim will bar the claimant from asserting that the prepetition default has not been cured.

**4.01-2 Maintenance Payments by Debtor.** Except for any Class 1 claimants identified by a checked box in the table below, Debtor shall pay directly to the Class 1 claimants (or their agents) each payment first becoming due without acceleration after the petition date ("postpetition installments") as and when due under the applicable agreement and applicable law.

U.S. Bankruptcy Court - Hawaii    #10-02615    Dkt # 21    Filed 11/12/10    Page 3 of 8

**4.01-3 Maintenance Payments by Trustee.** From the plan funding, Trustee shall pay all postpetition installments due to Class 1 claimants identified by a checked box in the table below, as and when due under the applicable agreement and applicable law, and Trustee shall promptly remit the same to the Class 1 claimant. Section 7.06 applies to all such Class 1 claims.

**4.01-4 Application and Calculation of Postpetition Installments.** Class 1 claimants shall apply payments under paragraph 4.01-2 and 4.01-3 only to the postpetition installments. The amount of the postpetition installments shall be determined as if the claim was not in default on the petition date.

| Class 1 Creditor / Collateral | Maturity date | Est. arrearage | Interest rate | Est. mo. pmt. |
|---|---|---|---|---|
| ✓ AOAO KUMELEWAI GARDENS / REAL PROP. | N/A | $14,700 | 0% | $245 |
| ✓ MILILANI TOWN ASSOC. / REAL PROPERTY | N/A | $2,000 | 0% | $35 |

*If box checked above, Trustee makes payments under section 4.01-3.*
[Continue in section 8 or on continuation sheet as necessary.]

**4.02 Class 2 consists of secured claims where the rights of the holder of a secured claim are modified by the plan under 11 U.S.C. § 1322(b)(2) or (c)(2).** A holder of a Class 2 claim will retain its lien until the earlier of (a) full payment of the underlying debt under nonbankruptcy law or, (b) if the court enters an order determining the value of collateral securing a claim, full payment of the secured portion of the claim amount and entry of the Debtor's discharge under 11 U.S.C. § 1328. Unless the claim holder agrees to different treatment, Trustee shall make distributions to pay a Class 2 claim in a monthly amount that includes interest on the claim at the standard interest rate described in section 7.03, unless a different rate is stated in the table below. If Debtor believes that the value of a creditor's collateral is less than the amount of the claim, Debtor must file a **Motion to Value Collateral** in connection with this plan. If the total amount of the claim exceeds the value of the collateral as determined by the court, the deficiency will be treated as a Class 7 general unsecured claim (or a Class 5 claim if the claim is entitled to priority).

| Class 2 Creditor / Collateral | §506(a) applies? | Maturity date | Est. claim amt. | Interest rate | Est. mo. pmt. |
|---|---|---|---|---|---|
| ST. FRANCIS MEDICAL CENTER FCU / 2005 TOYOTA TACOMA | NO | UNKNOWN | $16,650 | 4.75% | $313 |

[Continue in section 8 or on continuation sheet as necessary.]

**4.03 Class 3 consists of secured claims that are satisfied by surrender of collateral.** Trustee shall make no distributions on a Class 3 claim if the debtor files a declaration, with proof of service on the creditor, within 14 days after the entry of an order confirming this plan, that the real or personal property described below has been surrendered or offered for surrender to the creditor. <u>A secured creditor listed in Class 3 wishing to refuse Debtor's surrender of collateral in full or partial satisfaction of its claim must file a written objection to this plan.</u> If the total amount of the claim exceeds the value of collateral, as indicated in the creditor's timely filed proof of claim or a court order, the deficiency will be treated as a Class 7 general unsecured claim (or a Class 5 claim if the claim is entitled to priority). If the creditor does not complete the space for the value of the collateral on the face of the proof of claim, the creditor will have no deficiency claim. Entry of the order confirming this plan will terminate the automatic stay under 11 U.S.C. § 362(a) and the codebtor stay under 11 U.S.C. § 1301(a) as to the Debtor, codebtor(s), and the bankruptcy estate, to permit the creditor whose collateral is being surrendered to receive, repossess, or foreclose upon that collateral and to exercise its rights and remedies as to its collateral under applicable nonbankruptcy law.

| Class 3 Creditor / Collateral to be surrendered | Claim amount | Est. deficiency |
|---|---|---|
| LITTON LOAN SERVICING, LP / REAL PROPERTY | $177,540 | $0 |
| CATHEDRAL POINT AOAO / REAL PROPERTY | $4,355 | $0 |

[Continue in section 8 or on continuation sheet as necessary.]

U.S. Bankruptcy Court - Hawaii   #10-02615   Dkt # 21   Filed 11/12/10   Page 4 of 8

**4.04 Class 4 consists of secured claims where (a) Debtor was not in default on the petition date and (b) the rights of the holder are not modified by this plan.** A holder of a Class 4 claim will retain its lien until the underlying debt is paid in full under nonbankruptcy law. Debtor shall make all regularly scheduled contractual payments coming due postpetition. In the event that a creditor files a timely proof of claim stating that there was an arrearage on the petition date for a claim identified below, the claim shall be treated as a Class 1 claim unless the court determines that there was no arrearage. If the proof of claim states that the arrearage amount is $0.00, none, or the like, or if the arrearage amount is left blank, such claim shall be treated as a Class 4 claim and Trustee shall make no distribution on the claim.

| Class 4 Creditor / Collateral | Contractual payment | Maturity date |
|---|---|---|
| CITIFINANCIAL / REAL PROPERTY | $1,750 / MONTH | OCT. 5, 2035 |

[Continue in section 8 or on continuation sheet as necessary.]

**4.05 Class 5 consists of unsecured claims entitled to priority under 11 U.S.C. § 507, such as domestic support obligations and certain types of taxes.** Class 5 claims shall be paid in full unless 11 U.S.C. § 1322(a)(4) applies or the claim holder agrees to accept less than full payment. If the Debtor proposes less than full payment of a priority claim, section 8 must identify the claim holder and describe the proposed treatment. Debtor shall pay directly to the creditor any domestic support obligations that become due on and after the date of filing the petition.

| Class 5 Creditor | Type of priority | Est. claim amount |
|---|---|---|
| N/A | | |

[Continue in section 8 or on continuation sheet as necessary.]

**4.06 Class 6 consists of special unsecured claims.** The claims listed below, such as co-signed unsecured debts, shall be paid in full, with interest if so indicated, for the reason(s) stated even though other unsecured claims may not be paid in full.

| Class 6 Creditor | Reason for special treatment | Interest | Est. claim amount |
|---|---|---|---|
| N/A | | | |

[Continue in section 8 or on continuation sheet as necessary.]

**4.07 Class 7 consists of claims that are not secured and that are not entitled to priority or special treatment.** Class 7 claims shall be paid pro rata to the extent funds are available after payment of all other claims. Debtor must file a separate **Motion to Avoid Lien** if classification of a claim as a general unsecured claim is based on avoidance of a judicial lien or nonpossessory, non-purchase money security interest under 11 U.S.C. § 522(f).

**4.08 Executory Contracts and Unexpired Leases.** Upon confirmation, Debtor assumes the executory contracts and unexpired leases listed below. Any prepetition arrearage under a contract or lease identified below in an amount stated in a timely filed proof of claim shall be treated as a claim in Class 1, Class 6, or as provided in section 8. Any other executory contract or unexpired lease is rejected. Entry of the confirmation order modifies the automatic stay to allow the nondebtor party to a rejected unexpired lease to obtain possession of the leased property.

| Creditor under contract or lease | Est. prepetition arrearage | Treatment: Class 1 or 6 or other |
|---|---|---|
| N/A | | |

[Continue in section 8 or on continuation sheet as necessary.]

hib_3015-1    12/09    [ECF: *Chapter 13 Events … 1 Chapter 13 Plan – ORIGINAL* or *2 Chapter 13 Plan – AMENDED Before Confirmation*]    Page 4 of 7

U.S. Bankruptcy Court - Hawaii   #10-02615   Dkt # 21   Filed 11/12/10   Page 5 of 8

| SECTION 5 – DISTRIBUTIONS |
|---|
| **5.01 Order of Distributions.** As soon as practicable after plan confirmation, Trustee will distribute funds monthly in the following order: (a) the percentage fee to Trustee under 28 U.S.C. § 586(e); (b) any maintenance payments due on Class 1 claims under section 4.01-3; (c) administrative expenses, including Debtor's attorney fees allowed under applicable rules and guidelines; (d) cure payments for prepetition arrearages on Class 1 claims, Class 2 claims of secured creditors under 11 U.S.C. § 1325(a)(5), claims under executory contracts and unexpired leases if designated as Class 1 claims, and compensation for a chapter 7 trustee under 11 U.S.C. § 1326(b)(3); (e) Class 5 priority unsecured claims; (f) Class 6 special unsecured claims, including claims under executory contracts and unexpired leases designated as Class 6 claims; and (g) Class 7 general unsecured claims. Within each level of distribution, claims shall be paid on a pro rata basis. |
| SECTION 6 -- LIQUIDATION ANALYSIS |

**6.01 Liquidation.** The value, as of the date the petition was filed, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate were liquidated on such date under chapter 7 of the Bankruptcy Code. Debtor estimates, in good faith, that liquidation would be as follows.

| 1. Real property – Schedule A | $ | 486,090 | 5. Exemptions – Schedule C | $ | 74,735 |
|---|---|---|---|---|---|
| 2. Personal property – Schedule B | $ | 102,970 | 6. Secured claims (less unsecured portions, if any) – Schedule D | $ | 514,325 |
| 3. Property recoverable by avoiding powers | $ | 0 | 7. Priority claims – Schedule E | $ | 0 |
| 4. Total assets – Add boxes 1, 2, and 3 | $ | 589,060 | 8. Estimated chapter 7 administrative expenses | $ | 0 |
| *intentionally left blank* | | | 9. Total adjustments -- Add boxes 5, 6, 7, and 8 | $ | 589,060 |
| 10. Amount available to pay general unsecured claims in liquidation – Subtract box 9 from box 4 | | | | $ | 0 |
| 11. Total amount of general unsecured debt from Schedule F + unsecured portions from Schedule D, if any | | | | $ | 44,290 |
| 12. Estimated distribution on general unsecured claims **in liquidation** – Divide box 10 by box 11 | | | | | 0 % |
| 13. Estimated distribution on general unsecured claims **through this plan** | | | | | 23 % |

| SECTION 7 -- MISCELLANEOUS PROVISIONS |
|---|
| **7.01 Joint Debtor.** Any reference to the Debtor in this plan includes the Joint Debtor, if any. |
| **7.02 Debtor's Duties.** Debtor acknowledges that Debtor must: (a) make timely plan payments and carry out this plan; (b) comply with Debtor's obligations under the Bankruptcy Code and Rules, the Local Bankruptcy Rules, and any applicable local orders and guidelines; (c) file all postpetition federal, state, and local tax returns, and pay all postpetition taxes as they come due, including, if applicable, any requisite estimated income taxes and/or federal tax deposits for payroll taxes; (d) submit to Trustee a copy of each tax return or amendment thereof required for each tax year ending while the case is pending under chapter 13, immediately after filing such returns with the taxing authority; (e) file, if requested, updated schedules I and J or other statement made under penalty of perjury showing monthly income of Debtor, and how income, expenditures, and monthly income are calculated, on each anniversary of plan confirmation; (f) provide any financial information requested by Trustee, including that regarding a business; (g) maintain insurance as required by any law, contract, or security agreement on all vehicles and real or personal property subject to a security interest in the amount of the outstanding claim of the creditor or value of the collateral, whichever is less, unless the court orders otherwise; (h) if Debtor operates a business, maintain liability and other insurance as requested by Trustee; (i) pay timely to the court-ordered recipient all domestic support obligations that come due after commencement of the case; (j) obtain court approval before encumbering, selling, or otherwise disposing of any personal or real property other than in the ordinary course of Debtor's business; and (k) obtain written approval from Trustee or court approval before incurring any new debt exceeding $1,000. **Debtor understands that failure to comply with any of these obligations may justify dismissal of this case, conversion to another chapter, or other relief.** |

U.S. Bankruptcy Court - Hawaii   #10-02615   Dkt # 21   Filed 11/12/10   Page 6 of 8

**7.03 Interest Rate.** The standard interest rate on certain claims is calculated periodically as the national prime rate of interest plus 1.5% and is posted at the court's website. The interest rate with respect to a tax claim or an administrative expense tax is governed by 11 U.S.C. § 511.

**7.04 Vesting and Possession of Property.** Except to the extent necessary to fund this plan, property of the estate shall revest in Debtor upon entry of the confirmation order. If the case is converted to a case under another chapter, or is dismissed, the property of the estate shall vest in accordance with applicable law.

**7.05 Cure Payments for Prepetition Arrearages.** For all purposes, including but not limited to 12 U.S.C. § 2601 et seq., and Reg. X ("Regulation X"), 24 C.F.R. § 3500.17(i)(2), all claims shall be deemed reinstated and current upon the entry of an order confirming this plan. No creditor shall be excused from any obligation imposed by law or contract to provide notices of payment changes, interest rate changes, escrow account statements, other account statements, or similar information to the Debtor. All creditors shall promptly file copies of such notices and statements with the court.

**7.06 Mortgage Maintenance Payments.** If Debtor has identified any creditors under section 4.01-3, then, within 30 days after issuing the final payment of the prepetition arrearage owed to such creditor, Trustee shall serve upon the affected creditor, Debtor, and any attorney for Debtor, a notice stating that (a) any defaults under the mortgage have been fully cured and the mortgage obligations are current and not in default as of the date of the notice, (b) if the mortgagee disagrees, the mortgagee is required to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with the court, giving notice to Trustee, Debtor, and any attorney for Debtors, within 60 days of service of the notice from Trustee (or such longer time as the court may order), (c) if the mortgagee files and serves a statement of outstanding obligations within the required time, Debtor may (1) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the mortgagee and Trustee, with the court resolving the challenge as a contested matter, or (2) propose a modified plan to provide for payment of additional amounts that Debtor acknowledges or the court determines to be due. If the mortgagee fails to file a timely statement of outstanding obligations, the court may enter an order determining that the mortgage is reinstated and fully current as of the date of the Trustee's notice. No liability shall result from a non-willful failure of Trustee to serve the notice required by this provision.

**7.07 Effect of Relief from Stay.** As soon as practicable after Trustee receives notice of an order unconditionally permitting a secured creditor to foreclose on or repossess its collateral, Trustee shall cease making distributions on all claims secured by such collateral except for funds then being held by Trustee for distribution, unless the court orders otherwise. This does not affect the number or amount of periodic payments due from Debtor under the plan.

**7.08 Lack of Feasibility Based on Claims Actually Filed.** Trustee may file a motion to dismiss if Trustee determines that, based on the timely filed proofs of claim, the plan funding will be insufficient to pay in full, within 60 months from confirmation, administrative expenses, the prepetition arrearages on Class 1 claims, and the full amount of Class 2, Class 5, and Class 6 claims, and the amount of Class 7 claims required to satisfy 11 U.S.C. § 1325(a)(4). The court may dismiss the case without further notice if Debtor fails to file, within 30 days after the date of notice of such motion, an objection to claim or a motion to modify the confirmed plan which will cure the problem.

**7.09 Conversion or Dismissal.** Debtor agrees that, if this case is converted to another chapter, Debtor shall promptly file a new schedule C – Property Claimed as Exempt. Trustee shall distribute any plan payments held by Trustee at the time of conversion or dismissal of the case to holders of allowed claims in accordance with the order of distribution under this plan.

**7.10 Student Loan Debt.** A debt of the kind specified in 11 U.S.C. § 523(a)(8) will not be discharged upon completion of the plan unless the debtor has obtained a determination by the court that paying the debt in full would impose an undue hardship on the debtor and the debtor's dependent.

**7.11 Certification.** Debtor declares, under penalty of perjury, that this plan has been proposed in good faith, that the information provided in this plan is true and correct to the best of Debtor's knowledge, information, and belief, and that Debtor will be able to make all plan payments and otherwise comply with all plan provisions.

U.S. Bankruptcy Court - Hawaii   #10-02615   Dkt # 21   Filed 11/12/10   Page 7 of 8

# SECTION 8 -- ADDITIONAL PROVISIONS

Debtor may not alter the language of this form (other than by completing blanks and tables). Debtor may propose additional or different plan provisions only by setting the same out in this section. This section must also include information concerning additional creditors or claims, irregular plan payments, additional sources of plan funding, special treatment of prepetition arrearages under an executory contract or unexpired lease, and any other special provisions. (Attach additional pages as necessary.)

CLASS 2.06 CONTINUED

| CREDITOR/LESSOR | PROPERTY DESCRIPTION | PAYMENT |
| --- | --- | --- |
| ST. FRANCIS MEDICAL CENTER FCU | 2003 TOYOTA TACOMA | $100 |

CLASS 4.01-4 CONTINUED

| CLASS 1 CREDITOR / COLLATERAL | MATURITY DATE | EST. ARREAR. | INT. RATE | EST. MO. PMT. |
| --- | --- | --- | --- | --- |
| CITY & COUNTY OF HONOLULU / REAL PROPERTY | N/A | $2,255 | 8% | $46 |

CLASS 4.02 CONTINUED

| CLASS 2 CRED. / COLL. | §506(a) APPLIES? | MAT. DATE | EST CLAIM AMT | INT RATE | EST MO PMT |
| --- | --- | --- | --- | --- | --- |
| ST. FRANCIS MEDICAL CENTER FCU / 2003 TOYOTA TACOMA | NO | UNKNOWN | $11,505 | 4.75% | $216 |
| ST. FRANCIS MEDICAL CENTER FCU / 2007 HARLEY-DAVIDSON NIGHT TRAIN | NO | UNKNOWN | $12,335 | 4.75% | $232 |

CLASS 4.03 CONTINUED

| CLASS 3 CREDITOR / COLLATERAL TO BE SURRENDERED | CLAIM AMOUNT | EST. DEFICIENCY |
| --- | --- | --- |
| APACHE COUNTY TREASURER / RAW LAND IN APACHE COUNTY, ARIZONA | $0 | $0 |

| /s/ GREG DUNN | /s/ DARRELL BAJO | /s/ JACQUELINE BAJO |
| --- | --- | --- |
| Attorney for Debtor(s) | Debtor | Joint Debtor (if any) |
| Dated: 9/21/2010 | Dated: 9/21/2010 | Dated: 9/21/2010 |

U.S. Bankruptcy Court - Hawaii   #10-02615   Dkt # 21   Filed 11/12/10   Page 8 of 8